UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 11-3339-Goodman

UNITED STATES OF AMERICA

vs.

TARAKESHA T. KENDRICK,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                        Respectfully submitted,

                        WIFREDO A. FERRER
                        UNITED STATES ATTORNEY

BY: _____
       JOHN D. COURIEL
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 0831271
       99 N. E. 4th Street
       Miami, Florida 33132-2111
       TEL (305) 961-9454
       FAX (305) 530 7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| TARAKESHA T. KENDRICK, | ) | Case No. 11-3339-Goodman |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  05/27/2011 and 09/16/2011  in the county of  Miami-Dade  in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028(a)(2) | Transfer of an identification document without lawful authority |
| 18 U.S.C. § 1028A(a)(1) | Aggravated identity theft |

This criminal complaint is based on these facts:
Please see the attached affidavit.

☑ Continued on the attached sheet.

*Certified to be a true and correct copy of the document on file Steven M. Larimore, Clerk, U.S. District Court Southern District of Florida By /s/ Deputy Clerk Date 10-3-11*

_____
Complainant's signature

Paul Mastando, Special Agent, U.S.V.A.
Printed name and title

Sworn to before me and signed in my presence.

Date:  10/03/2011

_____
Judge's signature

City and state:  Miami, Florida

JONATHAN GOODMAN, MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Paul Mastando, Special Agent of the United States Department of Veterans Affairs (the "VA"), Office of Inspector General ("OIG"), being duly sworn, state as follows.

### A. INTRODUCTION

1.   I am a Special Agent with the VA OIG, and have been since July 2010. Prior to that time, I was a Special Agent with the United States Department of State, a position I held beginning in November 1998. I am currently based in West Palm Beach, Florida. My duties include the investigation of the programs and operations of the VA. I investigate healthcare fraud, benefits fraud, cemetery administration fraud, fugitives, narcotics violations, general crimes, threats against employees, and other crimes.

2.   I am submitting this Affidavit for the limited purpose of establishing probable cause for the violations I describe below. My investigation into these matters is ongoing, and I have not set out in this Affidavit all the information I know about this case. This Affidavit includes facts that I know as a result of my own investigative efforts, as well as facts that I have learned from other law enforcement officers with whom I have collaborated.

3.   I have probable cause to believe that Tarakesha T. KENDRICK, an employee at the VA Medical Center in Miami, has been stealing the identities of VA patients for resale to fraudulent users. KENDRICK works at the Travel Benefits Section of the VA Medical Center, at 1201 NW 16th Street, in Miami, in the Southern District of Florida. In the course of her employment, KENDRICK has access to the personal identifying information of former U.S. military personnel seeking care or treatment from the VA and reimbursement of their travel expenses. Also in the course of her employment, KENDRICK has been instructed that the unauthorized transfer of patients' personal information is prohibited by VA regulations and

applicable federal law.

4. On the basis of my training and experience, I know that an individual's name, address, date of birth, and Social Security number can be used to obtain credit, including by opening a credit card account. I also know that these pieces of information can constitute "means of identification," "authentication features," or "identification documents" under certain provisions of federal law, including Title 18, United States Code, Sections 1028 and 1028A.

### B. FACTS SUPPORTING PROBABLE CAUSE

5. In early 2010, numerous veterans complained to VA OIG that their identities had been stolen. Several of the veterans reported that unauthorized credit card accounts had been opened in their names. VA OIG coordinated with Citigroup North America N.A. ("Citigroup"), a credit card issuer, and determined that at least eleven Citigroup accounts had recently been altered, opened, or had been the subject of an attempted account opening in the names of local VA-affiliated patients, without authorization.

6. Later in 2010, other law enforcement officers arrested a subject in a credit card fraud investigation. The subject indicated that the subject had a contact at the VA Medical Center in Miami who could provide the subject with identity information. Further investigation suggested that the source of the compromised identities was KENDRICK. KENDRICK was employed at the VA's Travel Benefits Section, which collects personal identity information from VA patients who are entitled to travel reimbursement in light of their service-related conditions. In coordination with other law enforcement agents, I began to investigate KENDRICK, who works for the VAMC's Medical Administrative Service and whose primarily workspace is in Travel Benefits Section.

7. On May 27, 2011, an undercover agent (the "UCA") was introduced to

KENDRICK. In a recorded conversation, the UCA indicated to KENDRICK that the UCA wanted to purchase the identity information. KENDRICK agreed to sell the UCA that information. Later that day, in an audio- and video-recorded interaction outside the VA Medical Center, KENDRICK sold the means of identification of six VA patients (for each, his or her name, date of birth, and Social Security number) to the UCA, for $180. KENDRICK gave the UCA the identity information on a piece of paper; the UCA paid cash.

8. On September 16, 2011, in another recorded conversation, the UCA contacted KENDRICK. Again, they agreed to meet outside the VA Medical Center, and that KENDRICK would sell the UCA twelve identities. Later that day, during KENDRICK's lunch break, in an audio and video-recorded interaction outside the VA Medical Center, KENDRICK arrived at the meeting with the means identification of sixteen U.S. veterans, four more than originally agreed (for each, his or her name, date of birth, and Social Security number). KENDRICK sold this information to the UCA for $120. Again, KENDRICK gave the UCA the identity information on a piece of paper; the UCA paid cash.

C. **CONCLUSION**

9. In consideration of the foregoing, I submit that there is probable cause to believe that KENDRICK has violated several provisions of federal law, including Title 18, United States Code, Section 1028(a)(2), which prohibits the knowing transfer of an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority; and Title 18, United States Code, Section 1028A(a)(1), which prohibits the transfer, possession, or use, without lawful authority, of the means of identification of another person during and in relation to several enumerated felonies, including a violation of Title 18, United States Code, Section 1028(a)(2).

FURTHER AFFIANT SAYS NOT.

_____
Paul Mastando
Special Agent
United States Department of Veteran Affairs
Office of Inspector General

Sworn and Subscribed before me on this 3/rd day of October, 2011.

_____
HON. JONATHAN GOODMAN
U.S. MAGISTRATE JUDGE

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 10-3-11